# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Glynndeavin von Fox,** ) | **Case No. 2:16-cv-184-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Prenner & Marvel P.A., et al,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the twelfth of many civil actions recently filed by Plaintiff in this Court, [1] Plaintiff sues Prenner & Marvel P.A., the "State Department of the U.S.," and the State of South Carolina. Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

## I.  Relevant Law

### A. Liberal Construction for *Pro se* filings

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v.*

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate judge's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

*Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *aff'd by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her

allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion dated January 19, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm, LLC" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that he has $700.00 in his bank account. (*Id*. ¶ 4).[3] Plaintiff also indicates he has "real estate and stocks" valued at $140,000.00. (*Id*. ¶ 5).

Plaintiff indicates he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses" and no debts or other financial obligations. (*Id.* ¶¶

---

[3] Plaintiff's various IFP motions in his 2016 lawsuits indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

6, 8). Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts or other monthly expenses, which suggests that he has the ability to pay the filing fee. *See, e.g., Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee. This case should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A). *See Justice,* 2012 WL 1801949, at *5 (denying IFP status because plaintiff could pay the filing fee and dismissing four civil lawsuits by the same *pro se* plaintiff); *Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice; plaintiff not entitled to proceed IFP); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (same).[4]

### B. The Complaint Fails to State a Basis for Subject Matter Jurisdiction, Fails to State a Claim, and is Legally and Factually Frivolous

In addition to not being entitled to proceed IFP, Plaintiff has filed a Complaint that lacks any basis for federal jurisdiction, fails to state a claim, and is factually and legally frivolous.

Plaintiff's Complaint is devoid of any facts or allegations that would suggest any basis for federal question jurisdiction or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. The Complaint

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice is appropriate.

does not mention jurisdiction, and its factual allegations reflect that this case does not arise "under the Constitution, laws, or treaties of the United States." *Id*. at § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir. 1998). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also Carter v. Ervin*, Case No. 0:14–cv–00865–TLW-PJG, 2014 WL 2468351, *3 (D.S.C.) ("the court possesses the inherent authority to ensure that … federal jurisdiction exists"), *appeal dismissed*, 585 F.App'x 98 (4th Cir. 2014); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff makes allegations against the law firm "Prenner & Marvel P.A." that are completely nonsensical. (DE# 1 at 4). His "claim" consists of the following:

> The issue that I have with Prenner & Marvel PA is with Daniel Prenner, Esq. and the serving of court papers to the sovereign country of Japan for the South Carolina 9th District Family Court under Solicitor Scarlett Wilson. I was served paper work in Japan by Daniel L. Prenner through my Japanese lawyer Yumiko Igarashi who is barred in the country of Japan. I received this paper work through a female Japanese doctor who says that she has friends in America, and that they correspond through email and phone communications often before she handed the documents in the Japanese hospital. I opened the letter and quickly sent the contents through the Japanese Express Mail Service (EMS) to the Central Intelligence Agency (CIA) in Langley, Va. The nature of this issue in itself violates my US constitutional rights to not having a US state in the union recognized by a foreign government, and it also oppresses me as a person that was in a foreign country dealing with issues in that country that were told to me by my Japanese lawyer Yumiko Igarashi that were dismissed in a High Court of Japan after receiving the served documents.

None of these allegations make any sense. Plaintiff has no constitutional right "to not having a US state in the union recognized by a foreign government." Although Plaintiff indicates he wants "the Court to prosecute Prenner & Marvel P.A. for acting like a foreign country in the

world under the violations of the 1st Amendment, Section 10 ..." (DE# 1 at 8), there is no such constitutional provision. "Section 10" of such Amendment does not exist.[5] The Complaint's allegations are illogical, incomprehensible, and appear to be the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). A district court may not rewrite a complaint to "conjure up questions never squarely presented." *Beaudett*, 775 F.2d at 1278. The Complaint's allegations fail to state any sort of plausible claim. The Complaint's allegations refer to non-existent rights. The Complaint's allegations lack any basis in fact or law, and therefore, are frivolous.

To the extent Plaintiff may be attempting to sue the law firm under 42 U.S.C. § 1983, the Complaint also fails to state a claim because private conduct is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private activity is generally not "state action." *DeBauche v. Trani*, 191 F.3d 499, 506-07 (4th Cir. 1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint does not allege facts indicating that Mr. Prenner and/or his law firm were acting "under color of state law." *See Asbury v. Tartarsky*, Case No. 8:13–cv–3364–RMG, 2015 WL 1120081, *4 n.5 (D.S.C.) ("the under-color-of-state-law element …reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments"), *aff'd by* 616 F.App'x 71 (4th Cir. 2015). The Complaint fails to allege any facts indicating conduct by a state actor or that is "fairly attributable to the State."

---

[5] Article 1 of the United States Constitution does have a Section 10, Clause 1, that provides in part: "No State shall enter into any treaty…"

Although *pro se* complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir.1994); *White v. White*, 886 F.2d 721, 723 (4th Cir.1989). A plaintiff must allege facts that actually support a plausible claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir.2003). The present Complaint fails to do so, and therefore, summary dismissal is appropriate.

To the extent that Plaintiff's allegations could be liberally construed as attempting to assert a state tort claim of legal malpractice, this Court lacks diversity jurisdiction to consider such claim. All the parties appear to be South Carolina citizens or entities. Under 28 U.S.C. § 1332, diversity of parties must be complete "such that the state of citizenship of each plaintiff must be different from that of each defendant." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432-33 (4th Cir.2014) (quoting *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir.1999)).

Although Plaintiff also lists the "US State Department" and the State of South Carolina as defendants in the caption, he alleges no specific acts by them in the Complaint. When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C.) ("without such personal involvement, there can be no liability under section 1983"), *adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011); ; *Faltas v. South Carolina*, Case No. 3:11–3077–TLW–SVH, 2012 WL 988105 (D.S.C.), *adopted by* 2012 WL 988083 (D.S.C.), *aff'd by* 489 F.App'x 720 (4th Cir. 2012) (same). A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977).

To the extent the Plaintiff may be attempting to sue the "US State Department" under § 1983, such entity is a federal agency, not a "state actor. *Lugar v. Edmundson Oil, Inc.*, 457 U.S. 922, 937 (1982) (a plaintiff must allege conduct that is "fairly attributable to the State"). Moreover,

the United States, its departments, and agencies cannot be sued without its express consent. *United States v. Mitchell,* 463 U.S. 206, 212 (1983) (discussing the well-established legal doctrine of sovereign immunity). One of the few areas where the United States government has waived its sovereign immunity is claims for personal injuries allegedly caused by government employees. In certain limited circumstances, an injured person may sue the United States pursuant to the Federal Tort Claims Act ("FTCA") for damages alleged caused by a federal agency or employee. FTCA suits are only against the United States itself. *See, e.g., Brunson,* 2008 WL 4511049, at *2. Plaintiffs must strictly comply with FTCA requirements prior to filing suit. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). Plaintiff bears the burden of proving that he completed all conditions precedent to filing an FTCA lawsuit. *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir.1976), *cert. denied*, 429 U.S. 979 (1976).

Plaintiff does not mention the FTCA in his Complaint, much less indicate that he has complied with any pre-suit requirements, such as filing an administrative claim with the appropriate federal agency. Therefore, the Complaint is also subject to summary dismissal because Plaintiff has not alleged that he has complied with FTCA requirements. See 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

Plaintiff is also attempting to sue the state of South Carolina, which is protected from suit by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) (an unconsenting State is immune from suits brought in federal court by her own citizens). Congress has not

abrogated state sovereign immunity under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 343 (1979); *In re Sec. of Dep't of Crime Control and Public Safety*, 7 F.3d 1140, 1149 (4th Cir.1993) ("it has long been settled that 42 U.S.C. § 1983 ... does not effect ... abrogation" of state immunity under the Eleventh Amendment); *Huang v. Bd. of Gov. of Univ. of N.C.*, 902 F.2d 1134, 1138–39 (4th Cir.1990). South Carolina has not consented to suit in federal court. S.C.Code § 15–78–20(e).

### C. Plaintiff Seeks Relief that is Unavailable or Inappropriate

Finally, the *pro se* Plaintiff seeks relief that is unavailable or inappropriate. (DE# 1 at 8, "What Would You Like the Court to Do"). He indicates he would like "the Court to prosecute Prenner & Marvel P.A. for acting like a foreign country in the world under the violations of the 1st Amendment, Section 10 if found at cause by this honorable court of higher justice in the United States of America." (*Id*.). As already discussed, there is no "Section 10" in the First Amendment. Plaintiff also miscomprehends the function of the Court. This Court hears and adjudicates cases, it does not "prosecute" parties on behalf of another party.

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

February 12, 2016
Charleston, South Carolina

*[signature]*
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the *Important Notice* on following page:

Page **9** of **9**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).